MATTER OF "FLIGHT SR-4"

In FINE Proceedings

NYC-10/52.408

*Decided by Board February 27, 1963*

Liability to fine was not incurred under section 273 of the Immigration and Nationality Act for bringing to the United States a nonimmigrant alien without a proper visa when such alien was paroled into the United States and was subsequently granted a waiver of the nonimmigrant visa requirement pursuant to the authority of a published regulation expressly providing that a visa is not required when such a waiver is granted. [*Matter of Plane "F-BHSQ"*, Int. Dec. Nq. 1200, 9—595, distinguished.]

IN RE. Capitol Airways Plane N-5404, "Flight SR-4," which arrived at the port of New York from foreign on September 13, 1962. Alien passenger involved: Geraldine MacManus.

BASIS FOR FINE: Act of 1952—Section 273(a) [8 U.S.C. 1323].

This appeal is directed to an administrative penalty of $1,000 which the District Director at New York has ordered imposed on Capitol Airways, Inc., as owners, agents, charterers or consignees of the aircraft. for bringing to the United States from a place outside thereof (other than foreign contiguous territory) the above-named alien passenger who was not in possession of an immigration visa or other document valid in lieu thereof. The appeal will be sustained.

There is no dispute as to the basic facts of this case. The person named above, a female, is an alien and was brought to the United States as a passenger in the manner described above. She was presented to the examining immigration officer for inspection as an alien coming to the United States for a temporary visit. She presented a valid British passport, but she lacked any other documents valid for admission into the United States. The examining immigration officer determined that she could not be admitted to the United States because she lacked such documents. However, she was placed in parole status to appear at the Chicago office of the Service on or before September 21, 1962. When she appeared there on September 20, 1962, she applied for and was granted a visa waiver, in accordance with the provisions of section 212(d)(4)(A) of the Immigration and Nation-

ality Act (8 U.S.C. 1182). Apparently, she departed from the United States in accordance with the terms of her admission.

This Board has previously ruled that a transportation company is relieved of fine liability under this statute for bringing an alien to the United States without a proper visa where such person is admitted under the authority of a published regulation which, in express terms, provides that a visa was not required when the waiver is granted.[1] The facts of this case, and the provisions of 8 CFR 212.1(f), bring it within the scope of that decision. In the light thereof, we hold that liability to fine has not been incurred here.

The District Director's decision to impose the fine here is based on a subsequent precedent decision of this Board,[2] which we find inapplicable. The reason is that in said case the alien was paroled into the United States and not granted a waiver. The distinction between a waiver and parole for present purposes is clearly pointed out in the decision cited by the District Director, *supra*.

**ORDER:** It is ordered that the appeal be sustained and that the fine be not imposed.

---

[1] *Matter of Plane "CUT–604,"* 7 I. & N. Dec. 701.

[2] *Matter of Plane "F–BHSQ,"* NYC–10/52.232, BIA, 3/1/62; Int. Dec. No. 1200.